UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Christyna Faulkner, MD,
    Plaintiff

    v.                                            Case No. 12-cv-482-SM
                                                      Opinion No. 2013 DNH 152

Mary Hitchcock Memorial Hospital;
Dartmouth Hitchcock Medical Center;
Marc L. Bertrand, MD, Associate
Dean for Graduate Medical Education;
Peter K. Spiegel, MD, Chair of
Radiology; Anne M. Silas, MD,
Director of Radiology Residency
Program; and Jocelyn D. Chertoff, MD,
Associate Program Director of
Radiology Residency Program,
    Defendants


**O R D E R**

Plaintiff, Dr. Christyna Faulkner, brings this suit against Mary Hitchcock Memorial Hospital and several of its physicians. She alleges that defendants unlawfully disclosed her medical disability to third parties without her consent and wrongfully terminated her from the hospital's residency program as a result of their unwillingness to reasonably accommodate that disability. Defendants filed a Partial Motion to Dismiss (document no. 19). During the course of briefing on the motion, the parties narrowed the issues to one: whether plaintiff's common law wrongful discharge claim is displaced by New Hampshire's anti-discrimination statute, N.H. Rev. Stat. Ann. ("RSA") 354:A-7.

"To prevail upon h[er] wrongful discharge claim, the plaintiff . . . [must] establish that: (1) h[er] termination was motivated by bad faith, retaliation or malice; and (2) that [s]he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." MacKenzie v. Linehan, 158 N.H. 476, 480 (2009). Defendants assert that the public policy on which plaintiff relies to meet the second element of her wrongful discharge claim is the state prohibition against discrimination on the basis of disability, as embodied in RSA 354:A-7. Relying on Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996), defendants argue that plaintiff may not pursue her wrongful discharge claim because the legislature, in RSA 354:A-7, has provided an exclusive remedy for discharge on the basis of disability. In Smith, the court of appeals for this circuit held that New Hampshire law does not permit a wrongful discharge cause of action where a statute "codifies the public policy . . . [and] also creates a private right of action to remedy violations of that policy." Smith, 76 F.3d at 429.

The post-Smith decisions in Bliss v. Stow Mills, Inc., 146 N.H. 550 (2001), and Karch v. BayBank FSB, 147 N.H. 525 (2002), clarify that the question of statutory displacement is one of legislative intent. In Stow Mills and Karch, "the state supreme

court determined that a common law wrongful discharge claim could be maintained, notwithstanding that a statute (a federal statute in <u>Stow Mills</u>; a state statute in <u>Karch</u>) provided both the public policy element of the common law claim and a remedy for the policy's transgression." <u>True v. DJQ Enters., Inc.</u>, 2011 WL 794330, at *1 (D.N.H. March 2, 2011). The "critical issue" under <u>Stow Mills</u> and <u>Karch</u> is not whether there exists a statutory alternative, but whether the legislature "<u>intended to substitute</u> [that] statutory remedy for the common law wrongful discharge cause of action." (explaining the import of <u>Bliss</u> and <u>Karch</u>) (emphasis added). <u>Id</u>. Unless defendant shows such legislative intent, the common law claim is not displaced. <u>Id</u>. (citing <u>Weeks v. Wal–Mart Stores, Inc.</u>, 2010 WL 3703254, at *3 (D.N.H. Sept. 6, 2010); <u>Slater v. Verizon Communications, Inc.</u>, 2005 WL 488676 (D.N.H. March 3, 2005)).

Defendants suggest, but have not shown, that the state legislature intended RSA 354:A-7 to displace the common law cause of action for wrongful discharge in discrimination cases. Although they invoke a recent unpublished state superior court decision to support their view of what the legislature intended, they do not discuss the reasoning of that decision, and did not attach the case for the court's review. Nor do defendants mention <u>Stow Mills</u> and <u>Karch</u>, or distinguish their case from the

recent decision in Keele v. Colonial Imports Corp., 2012 WL 1000387, at *2 (D.N.H. March 23, 2012) (DiClerico, J.), in which this court found that defendant failed to demonstrate that the state legislature intended causes of action under RSA 354-A to displace claims for common law wrongful discharge.  See also True, 2011 WL 794330, at *1; Weeks v. Wal-Mart Stores, Inc., 2010 WL 3703254, at *3-4 (D.N.H. Sept. 16, 2010); Schomburg v. Dell, 2006 WL 2864048, at *1, n.2 (D.N.H. Oct. 4, 2006).

Plaintiff's wrongful discharge claim is not, therefore, subject to dismissal on the single ground advanced by defendants – that RSA 354:A-7 is plaintiff's exclusive state law remedy.  Because the defendants do not raise or brief it, the court does not reach the perhaps dispositive issue of whether plaintiff states a viable wrongful discharge claim in the first place.  See e.g., Schomburg, 2006 WL 2864048, at *1 ("A condition that is protected by public policy, such as sickness, disability, and age, as distinguished from acts by the employee that are protected by public policy, does not satisfy the second element of a wrongful discharge claim.") (emphasis in original) (citing Howard v. Dorr Woolen Co., 120 N.H. 295, 297 (1980)).

**Conclusion**

For these reasons, defendants' Partial Motion to Dismiss (document no. 19) is denied.

**SO ORDERED.**

*/s/ Steven J. McAuliffe*
Steven J. McAuliffe
United States District Judge

November 13, 2013

cc: George T. Campbell, III, Esq.
　　Edward M. Kaplan, Esq.
　　Christopher J. Pyles, Esq.