UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Christyna Faulkner,
	Plaintiff

	v.	Case No. 12-cv-482-SM
		Opinion No. 2015 DNH 067

Mary Hitchcock Medical Center;
Jocelyn D. Chertoff; Anne M. Silas;
Peter K. Spiegel; Marc L. Bertrand;
and Mary Hitchcock Memorial Hospital,
	Defendants


**O R D E R**


Plaintiff, Christyna Faulkner, brings this action against her former employer and others, advancing claims under the Americans with Disabilities Act and the Family Medical Leave Act. She also brings state law claims of wrongful discharge, intentional infliction of emotional distress, and defamation/slander. Although she was initially represented by counsel, plaintiff is now proceeding pro se.

Pending before the court is defendants' motion to compel discovery, to which plaintiff objects - at least in part. For the reasons discussed, that motion is granted in part, and denied in part.

**Standard of Review**

As the parties seeking to compel discovery, defendants bear the burden of demonstrating that the materials sought are relevant, see Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005), and that plaintiff's earlier discovery responses were either incomplete or evasive, see Vaughn v. Bernice A. Roy Elem. Sch., No. 05-cv-223-JD, 2007 WL 1792506, *1 (D.N.H. June 19, 2007).  See generally Fed. R. Civ. P. 26(b)(1). To the extent plaintiff asserts that any requested information or materials are privileged, she bears the burden of establishing that the privilege is applicable and has not been waived.  See Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 24 (1st Cir. 2011).

**Discussion**

This case was filed in 2012, and discovery has stalled.  In part, a substantial delay ensued when plaintiff's counsel withdrew and plaintiff sought, but was unable to secure, alternate representation.  And, no doubt, plaintiff's unfamiliarity with the federal rules governing discovery (including her obligations under those rules) has contributed to the ongoing delay.

According to defendants, in December of 2013, they propounded interrogatories and requests for the production of

documents, seeking releases from plaintiff relating to financial records, medical information, educational program applications, and her efforts to find subsequent employment.  In April, plaintiff returned her interrogatory responses, but did not provide any specific responses to defendants' request for the production of documents.  Among other things, defendants pointed out that plaintiff had not provided an executed authorization that would allow them to obtain medical records from Dr. Michael Sateia, who treated plaintiff at times relevant to this case.  Plaintiff also failed to provide an authorization for records from the Electronic Residency Application Service (related to her efforts to secure alternate employment), or an authorization from one of her listed medical care providers, Dr. Dwaihy.

      Before plaintiff's counsel could address those shortcomings in plaintiff's responses, he withdrew from the case.  And, according to defendants, despite their repeated efforts over many months to coax plaintiff into complying with her ongoing discovery obligations, they have been unable to secure the materials they say they need in order to properly defend this case.  In response to defendants' most recent request that plaintiff supplement her earlier (incomplete) discovery responses, plaintiff stated that she had "nothing else to add as far as my discovery responses" are concerned.  E-mail from

Plaintiff to defense counsel dated November 13, 2014 (document no. 48-6).  Given that response, defendants felt constrained to file the pending motion to compel.

**Discussion**

Defendants seek to compel plaintiff to produce three categories of materials and information: (1) signed authorizations for the production of information from the Electronic Residency Application Service ("ERAS"), Westchester Medical Center, Dr. Dwaihy, and Dr. Sateia; (2) full and complete responses to Interrogatories 2, 6, and 14 through 18; and (3) complete responses to each of their requests for production.

I.   Authorizations and Releases.

Of the four authorizations defendants seek, plaintiff has now agreed to provide two: one for Dr. Sateia and one for Westchester Medical Center.  As for Dr. Dwaihy, plaintiff says she has no knowledge of who he is, and says she never received treatment from him.  But, according to defendants, plaintiff's medical records from another treating physician identify Dr. Dwaihy as the "referring physician."  And, in a section describing the "reason for evaluation," those records state that plaintiff had been "referred by Dr. Dwaihy for evaluation and advice" regarding a medical condition at issue in this case.  Out

4

of concern for plaintiff's privacy, defendants have not submitted those medical records, but have offered to do so under seal.

On this record, defendants have shown that the medical files of Dr. Dwaihy are relevant or, at a minimum, likely to lead to the discovery of relevant information. Accordingly, plaintiff shall produce the requested authorization for access to her medical records with Dr. Dwaihy.

Finally, plaintiff asserts that she need not provide an authorization to obtain her applications to medical residency programs and related materials from ERAS. Although she does not assert that those records are privileged, she argues that they are not relevant because she has not used that system as part of a job search for several years. On balance, however, defendants have demonstrated that such information is relevant to this proceeding. Accordingly, plaintiff shall produce the requested authorization to obtain her records from ERAS.

II. Interrogatory Responses.

Next, defendants say that plaintiff's responses to several interrogatories are incomplete. Plaintiff, on the other hand, says she has provided answers that are as complete as her memory permits. Moreover, she says the answers to all of the questions

posed by defendants are contained in her medical records (copies of which she says she does not have and cannot afford to obtain).

Having compelled plaintiff to produce the requested medical releases, the court concludes that it is premature to require her to give more comprehensive responses to the interrogatories identified by defendants. After defendants have obtained and reviewed all of plaintiff's relevant medical records, they may, at that point, renew their motion to compel to the extent there remains a good faith basis to do so. Parenthetically, the court notes that it expects defendants will be able to obtain much, if not all, of the information they seek when they take plaintiff's deposition.

III. Requests For Production.

Finally, defendants complain that plaintiff has only partially complied with their request for the production of relevant documents.

> That partial production included incomplete e-mail chains, and e-mails that refer to attachments that are not included in the production. It omitted e-mail and materials that the Plaintiff produced during the course of an EEOC investigation. It does not include communications with other residents. It was completely devoid of any residency application materials. The Plaintiff maintains a website or blog, involving communications with people about her case, but she has not provided any of those materials.

Defendants' Memorandum (document no. 48) at 5.  In response, plaintiff says, "This is not my intention.  I have a huge file to go through.  I am doing my best to do so.  I was under the impression that the Defendants have some of the information they are requesting again."  Plaintiff's Response (document no. 52). at 4.  She also says she believes she previously provided some materials (e.g., e-mail attachments) to her former counsel.  She has not asserted that any of the requested documents are privileged.

     To be sure, some of the information defendants seek will be contained in the soon-to-be acquired medical records.  There are, however, many documents to which defendants do not have access (such as e-mails plaintiff sent to herself as reminders, diaries, calendars entries, witness statements, and letters of inquiry and/or applications to other medical residency programs).  Plainly, those documents are relevant and plaintiff must produce them.  That plaintiff "believes" she may have already produced some of those materials to her former counsel, is not particularly helpful.  To the extent she no longer possesses such documents, she may (and probably should) contact her former counsel, seeking the return of those materials, so copies may be provided to defendants.

While the task of responding to defendants' discovery requests may seem daunting, and although the "file" she maintains on this case may be substantial, plaintiff has had ample opportunity to review defendants' requests and gather responsive materials.  It is time for her to produce those requested documents.

### Conclusions

For the foregoing reasons, as well as those set forth in defendants' memoranda, defendants' motion to compel (document no. 48) is granted in part and denied (without prejudice) in part. Accordingly:

1. On or before **April 10, 2015**, plaintiff shall provide written medical releases/authorizations for Dr. Sateia, Westchester Medical Center, Dr. Joseph Dwaihy, and the Electronic Residency Application Service (ERAS); and

2. On or before **April 30, 2015**, plaintiff shall provide responses to defendants' Requests for Production.

To the extent defendants move to compel plaintiff to provide more complete answers to certain identified interrogatories (nos. 2, 6, and 14 through 18), their motion is denied, without prejudice to refiling once defendants have obtained and reviewed the requested medical records.

**SO ORDERED.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　　United States District Judge

March 27, 2015

cc:  Christyna Faulkner, pro se
　　　Christopher J. Pyles, Esq.
　　　Edward M. Kaplan, Esq.